# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GERALDYN DEATON | § | |
| | § | |
| v. | § | Case No. 4:13-CV-254 |
| | § | Judge Clark/Judge Mazzant |
| THE KROGER COMPANY d/b/a THE | § | |
| KROGER COMPANY #460 d/b/a KROGER | § | |
| #460 d/b/a KROGER TEXAS, LP d/b/a | § | |
| KROGER TEXAS, LP STORE #460 d/b/a | § | |
| KROGER | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to File its Motion for Summary Judgment (Dkt. #19). After considering the motion, the response (Dkt. #24), oral argument by the parties on July 9, 2014, and the relevant pleadings, the Court finds the motion is denied, and Defendants' summary judgment motion (Dkt. #20) should be stricken.

## BACKGROUND

Plaintiff filed suit against Defendants on November 2, 2012, for injuries allegedly suffered on or about November 12, 2010, when she slipped and fell on a grape on the floor of Kroger's store while shopping for groceries (Dkt. #3). On January 16, 2014, the undersigned issued a report and recommendation recommending that Plaintiff's claims be dismissed, with the exception of Plaintiff's premises liability claim (Dkt. #13). That recommendation was adopted by United States District Judge Ron Clark on March 21, 2014 (Dkt. 18).

A scheduling order was entered in this case that provided a deadline of December 11, 2013 to file motions for summary judgment (Dkt. #9). The instant motion for leave and accompanying motion for summary judgment were filed by Defendants on June 27, 2014, and June 30, 2014 (Dkt. #19, #20). Plaintiff filed a response on July 8, 2014 (Dkt. #24).

**ANALYSIS**

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Federal Rule of Civil Procedure 16(b), states that a schedule may be modified for "good cause." *Id*. In addition, Federal Rule of Civil Procedure 6(b) also states that if a request is made to extend time after the original time has already expired, the court may "for good cause, extend the time… if the party failed to act because of excusable neglect." The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003). To establish "good cause" a party must show that it "could not have met the deadline despite its diligence" along with satisfaction of the four-part test. *S&W Enters*., 315 F.3d at 536-38.

Defendants must first satisfy the requirements of Rule 6(b), which specifically requires that Defendants show they failed to timely file the motion for summary judgment because of "excusable neglect." FED. R. CIV. P. 6(b); *Rivero v. Sunbeam Products, Inc*., No. SA-08-CV-591-XR, 2010 WL 1752532 (W.D. Tex. Apr. 29, 2010). "Relevant factors used to determine 'excusable neglect' include: 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Rivero*, 2010 WL 1752532, at *1 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn*., 465 F.3d 156, 161 n.8 (5th Cir. 2006)).

Defendants argue that they are entitled to an extension because the prior attorney working on the case made a mistake in concluding that actual or constructive knowledge of a condition on the premises by the owner or occupier was not a ground for an appropriate summary judgment motion. Defendants' current attorney evaluated the case differently at the conclusion of discovery and now seeks summary judgment on this ground. However, this explanation does not satisfy the "excusable neglect" requirement. This "mistake" on behalf of one attorney was within the control of the movant, and resulted in a lengthy delay in the summary judgment motion being filed. In addition, the potential prejudice to Plaintiff is extremely high, as Plaintiff has been under the impression that there were no further grounds for a summary judgment motion, and has been preparing for trial in September of 2014. Further, this Court has an extremely heavy docket, and has already ruled on many of the summary judgment motions pending on the Court's September docket. To allow the summary judgment motion and full briefing at this point in the case means that the parties could be forced to go to trial without a ruling on the summary judgment motion, which would result in further prejudice to Plaintiff. Defendants have simply failed to meet the "excusable neglect" requirement of Rule 6.

Finally, Defendants cannot meet the "good cause" requirement of Rule 16 because they cannot show that they "could not have met the deadline despite [their] diligence" along with satisfaction of the four-part test. *S&W Enters.*, 315 F.3d at 536-38. The information contained in Defendants' no-evidence summary judgment motion was available to Defendants at the time the deadline for dispositive motions expired. Defendants simply made a decision not to pursue summary judgment on the actual or constructive knowledge issue. This is not sufficient to meet the good cause requirement of Rule 16, and the Court finds the motion is denied.

## CONCLUSION

For the foregoing reasons, the Court finds Defendants' Motion for Leave to File its Motion for Summary Judgment (Dkt. #19) is **DENIED**, and Defendants' Motion for Summary Judgment (Dkt. #20) is stricken.

**IT IS SO ORDERED**.

**SIGNED this 15th day of July, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE